## MARY SHARP

### *v.*

## WILLIAM H. SHARP.

[Decided October 26th, 1906.]

1. Where the only evidence of the desertion of petitioner's husband, which was alleged to have occurred in St. Louis, Missouri, in 1892, was that of petitioner herself, and the only other testimony in the case was given by persons residing in New Jersey, that the husband had not visited his wife since her return to her father's house in 1895, there was not sufficient corroboration as to the fact of desertion to entitle petitioner to a divorce.

2. Where, in a suit for divorce for desertion, the original separation was not shown to have been a desertion, evidence proving its continuance was insufficient to entitle the wife to a divorce.

On petition for divorce.

*Mr. Blanchard H. White,* for the petitioner.

GARRISON, V. C.

This is an undefended divorce case. The allegation is desertion. The master reported in favor of a decree for the petitioner. I cannot concur therein, and I find that the petitioner has not made out a case entitling her to a decree.

Briefly stated, the facts are that she was married in 1883, and went shortly thereafter to live with her husband in St. Louis,

Missouri. He was a machinist, employed by a firm in that city. They lived there for nine years, having two children born to them. They lived in entire amity. She testified that on the 15th day of March, 1892, her husband arose, breakfasted, and went to his work as usual, kissing her and the children good-bye; that later in the morning he came back and told her that he was going to repair some machinery in a near-by factory, and would be through about dinner time, and would be home for dinner; that she ascertained that he did go back to the shop of his employers and left there to come home to his dinner; that he did not come home, and that she has never seen him since, and has never heard from or of him since. She testifies that she made inquiries about him, but could learn nothing; that she consulted the police, requesting them to institute a search, and also advertised his disappearance, asking for information; that she inserted such advertisements for over two weeks, but never·learned anything concerning him; that she continued to live in St. Louis for about three years, and then returned to her father's house at Retreat, in Burlington county, in this state, in the year 1895, and has since continued to live there. She testifies that she cannot conceive of any reason why her husband left her, nor of any reason why he acted as he did, and why he did not return.

The only other testimony in the case is given by persons who live in Burlington county, New Jersey, and who testify that they know that the husband has not visited the wife since her return to her father's house in 1895.

I do not see how a divorce can be granted to the petitioner in this suit without violating the inflexible rule that the testimony of the party seeking the divorce must be corroborated as to the fact of desertion, and that testimony proving the continuance of the separation is not sufficient unless it shows that the original separation was a desertion. *Corder* v. *Corder, 59 Atl. Rep. 309* (*Vice-Chancellor Emery, 1904*).

This disposes of the case without the necessity of considering the questions which would arise if the petitioner's evidence was corroborated as to the facts attending the origin of the separation.

I will advise a decree dismissing the petition.